IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

SUSAN K. CHAPMAN,

                    Plaintiff,

            vs.                                    Civil Action No.
                                                   6:05-CV-0778 (LEK/DEP)

JO ANNE B. BARNHART, Commissioner
of Social Security,

                    Defendant.

_____

APPEARANCES:                          OF COUNSEL:

FOR PLAINTIFF:

ANTONOWICZ LAW FIRM                   PETER W. ANTONOWICZ, ESQ.
1300 Floyd Avenue
Rome, NY 13440-4600

FOR DEFENDANT:

HON. GLENN T. SUDDABY                 WILLIAM H. PEASE, ESQ.
United States Attorney for the        Assistant U.S. Attorney
Northern District of New York
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261-7198

OFFICE OF GENERAL COUNSEL             BARBARA L. SPIVAK, ESQ.
Social Security Administration        Chief Council, Region II
26 Federal Plaza
New York, NY 10278                    SANDRA M. GROSSFELD, ESQ.
                                      Assistant Regional Counsel

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## REPORT AND RECOMMENDATION

Plaintiff Susan K. Chapman, who claims to suffer from a disability the nature of which is not disclosed in the record now before the court, has commenced this action pursuant to section 205(g) of the Social Security Act (the "Act"), as amended, 42 U.S.C. § 405(g), to challenge the denial of her application for disability insurance benefits under the Act.  In response to plaintiff's complaint, but before submission of an answer and an administrative transcript of the proceedings before the agency, the Commissioner moved seeking an order remanding the matter to the agency for further consideration pursuant to sentence six of section 205(g) in order to allow for consideration of evidence which was submitted to but not reviewed by the agency prior to the issuance of its final determination of no disability.  In order to afford the Commissioner the opportunity to consider plaintiff's claim for benefits on a complete, fully integrated record prior to judicial review, I recommend that the motion be granted.

I.    BACKGROUND

On February 25, 2003, plaintiff applied for disability insurance

benefits under the Act.  Complaint (Dkt. No. 1) ¶ 4.  That application was denied on June 3, 2003.  *Id.*

At plaintiff's request a hearing was conducted on May 3, 2004 before an administrative law judge ("ALJ") to determine whether plaintiff's application for benefits was properly denied.  Complaint (Dkt. No. 1) ¶¶ 5-6.  Following that hearing the assigned ALJ rendered a decision upholding the denial of plaintiff's application for benefits.  *Id.* ¶ 6.

On November 18, 2004 plaintiff sought review of the ALJ's decision by the Social Security Administration Appeals Council.  Complaint (Dkt. No. 1) ¶ 7.  During the pendency of that request plaintiff's attorney forwarded two letters, dated March 7, 2005 and March 23, 2005, respectively, to that body.  Defendant's Memorandum (Dkt. No. 11) at 3.  Each of those letters included with it additional medical evidence submitted for consideration by the Appeals Council.  *Id.*

On May 27, 2005 the Appeals Council denied plaintiff's request for review of the ALJ's adverse ruling.  Complaint (Dkt. No. 1) ¶ 8 & Attachments.  Neither the two letters forwarded in March of 2005 by plaintiff's attorney nor the accompanying medical evidence were considered by the Appeals Council when denying plaintiff's petition for

review.  Defendant's Memorandum (Dkt. No. 11) at 3.

II.    PROCEDURAL HISTORY

Plaintiff commenced this action on June 21, 2005.  Dkt. No. 1.  On January 10, 2006, prior to the interposition of an answer and the filing of an administrative transcript of the proceedings and evidence before the agency, the Commissioner moved for a remand of the matter pursuant to sentence six of section 205(g), urging the court to allow the agency to consider the additional materials proffered by plaintiff's counsel before making a final determination which would then be subject to review by the court.  In a response which was filed on February 2, 2006, plaintiff has opposed the request for a remand, instead seeking either review by the court on the full record, including the evidence not previously considered by the agency, or a remand pursuant to sentence four of 205(g).[1]

Defendant's motion, which is now ripe for determination, has been referred to me for the issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and Northern District of New York Local Rule

_____

[1]    As plaintiff notes, a sentence four remand would pave the way for the filing of an application for attorneys' fees under the Equal Access to Justice Act, 5 U.S.C. § 504, whereas a remand under sentence six of section 205(g) would not permit the filing of such an application at this procedural juncture. *Shalala v. Schaefer*, 509 U.S. 292, 302, 113 S. Ct. 2625, 2632 (1993).

72.3(d).  *See also* Fed. R. Civ. P. 72(b).

III.    <u>DISCUSSION</u>

A court's review in an action brought under section 205(g) of the Act is limited; that section authorizes a district court to review a final determination of the agency to determine whether the correct, applicable legal standards were applied, and whether the decision is supported by substantial evidence in the record which was before the agency.  *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002); *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000); *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998); *Martone v. Apfel*, 70 F. Supp.2d 145, 148 (N.D.N.Y. 1999) (Hurd, J.) (citing *Johnson v. Bowen*, 817 F.3d 983, 985 (2d Cir. 1987)).  The governing review provision does not empower a district court to substitute its judgment for that of the Commissioner nor, significantly, does it authorize the court to accept and consider in the first instance evidence which was not presented to and  considered by the agency.  *Jones v. Sullivan*, 949 F.2d 57, 59-61 (2d Cir. 1991).

The procedures prescribed for adjudication of claims for benefits under the Act entails four steps, the final stage in the process being an application for review by the Appeals Council.  *Perez v. Chater*, 77 F.3d

41, 44 & n.3 (2d Cir. 1996); *see also* 20 C.F.R. §§ 404.900, 416.1400.

When the Appeals Council grants review, it is that body's determination

which constitutes the final decision of the agency. *Perez*, 77 F.3d at 44;

20 C.F.R. §§ 404.981, 416.1481.  A denial by the Appeals Council of a

request for review, on the other hand, elevates the ALJ's determination to

final decision status.  *Id.*  Even in the case of a denial by the Appeals

Council of a request for review, however, as occurred in this case, "new

evidence submitted to the Appeals Council following the ALJ's decision

becomes part of the administrative record for judicial review[.]"  *Perez*, 77

F.3d at 45.

     In this instance it appears clear, and plaintiff does not contend

otherwise, that when deciding to deny her request for review of the ALJ's

unfavorable determination the Appeals Council did not consider the two

March, 2005 letters and accompanying medical evidence.  The agency

was thus deprived of the opportunity to decide the matter on a full and

complete record at one of the four stages of the administrative process.

By accepting plaintiff's invitation to undertake the judicial review process

at this juncture without first affording the Commissioner the occasion to

reconsider the matter in light of the new materials, the court would be

usurping the function of the agency and exceeding its limited powers in

cases of this nature.  I therefore recommend that the matter be returned to

the Commissioner to allow for further consideration of the plaintiff's

circumstances, including the proffered materials at issue.[2]  *Chambers v.*

*Barnhart*, 389 F.3d 1139, 1143 (10th Cir. 2004).

Having found that remand of the matter to the Commissioner is

warranted, I must next address the parties' conflict regarding the scope

and extent of the recommended remand.  Section 205(g) of the Social

Security Act provides for two types of remands: remands under sentence

four of that section, and those pursuant to sentence six.  42 U.S.C. §

405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 97-98, 111 S. Ct. 2157, 2163

(1991) (citing *Sullivan v. Finkelstein*, 496 U.S. 617, 623-27, 110 S. Ct.

2658, 2662-66 (1990)).  Sentence four provides that "[t]he court

shall have power to enter, upon the pleadings and transcript of the record,

a judgment affirming, modifying, or reversing the decision of the

Commissioner of Social Security, with or without remanding the cause for

a rehearing."  42 U.S.C. § 405(g).  As this language plainly suggests,

---

[2]     This recommendation is based upon the Commissioner's apparent acknowledgment that the overlooked letters were new, material, and related to the time period predating the ALJ's decision. 20 C.F.R. §§ 404.970(b), 416.1470(b); *see Threet v. Barnhart*, 353 F.3d 1185, 1191-92 (10th Cir. 2003)..

sentence four contemplates the entry of judgment upon the pleadings, as well as based on a transcript of the record below.  In this instance, however, defendant has sought remand prior to answering, and the administrative record at this point does not include the March, 2005 submissions.  Sentence four, then, is not applicable to this administrative appeal proceeding.

Sentence six of section 205(g), by contrast, provides that

> [t]he court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based.

42 U.S.C. § 405(g).  As can be seen, this provision contemplates remand

in one of two situations – where the agency requests remand before answering the complaint ("clause one"), or where new, material evidence is presented that was for good cause not presented before the Administration ("clause two").  *Id.*; *Shalala*, 509 U.S. at 297 n.2, 113 S. Ct. at 2629 n.2 (citing *Melkonyan*); *Melkonyan*, 501 U.S. at 100 n.2, 111 S. Ct. at 2164 n.2; *Raitport v. Callahan*, 183 F.3d 101, 104 (2d Cir. 1999); *Medina v. Apfel*, No. 00 CIV. 3940, 2001 WL 1488284, at *4 (S.D.N.Y. Nov. 21, 2001).  Relying upon statutory language which on its face suggests this additional element, several courts in this circuit have further interpreted clause one of sentence six to require "good cause" as well. *E.g.*, *Medina*, 2001 WL 1488284, at *4; *Flores v. Commissioner of Soc. Sec.*, No. 00 CIV. 737, 2001 WL 286732, at *2 (S.D.N.Y. Mar. 22, 2001); *Longey v. Sullivan*, 812 F. Supp. 453, 456-57 & n.3 (D. Vt. 1993); *Goodison v. Heckler*, No. 84-CV-1417, 1985 WL 71800, at *3 (N.D.N.Y. Apr. 15, 1985) (McCurn, J.); *Gordon v. Heckler*, 586 F. Supp. 805, 806 (E.D.N.Y. 1984).

Because the March, 2005 letters were not considered by the Appeals Council when that body denied plaintiff's request for review, they are not a part of the record now before the court.  More importantly, those

letters were never considered at any level by the Commissioner and, consequently, cannot properly inform this court's determination of whether, based upon the record which was before the agency, the denial of plaintiff's request for benefits was supported by substantial evidence.  I therefore recommend that the matter be returned to the agency, finding good cause for that recommendation, to allow consideration of the materials submitted by plaintiff's counsel in March of 2005, and that the remand be made under sentence six, with this court to exercise continuing jurisdiction over the matter pending a final, reviewable determination of the agency.

IV.   SUMMARY AND RECOMMENDATION

Because new materials submitted by plaintiff's counsel to the agency following the ALJ's denial of benefits were inadvertently misplaced and thus not considered by the Appeals Council prior to its denial of plaintiff's request for review of the ALJ's decision, they are not properly a part of the record now before the court.  The misplacement of those letters deprived the Appeals Council of the benefit of potentially relevant evidence when making a determination at the fourth and final step of the administrative, adjudicative process.  In fairness to the agency, I

-10-

recommend that the matter be returned to the Commissioner pursuant to sentence six of section 205(g) for further consideration, including of the overlooked materials.  To order otherwise and, as plaintiff urges, review the denial of benefits giving consideration to the overlooked materials would be to exceed this court's powers and improperly expand the record in this matter.

Based upon the foregoing it is hereby

RECOMMENDED, that defendant's motion for remand of the matter to the Commissioner be GRANTED, and that the matter be remanded to the agency for further consideration pursuant to sentence six of section 205(b) of the Act, with the court retaining continuing jurisdiction, and without the entry at this juncture of a final judgment.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court within ten (10) days.  FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72; *Roland v. Racette*, 984 F.2d 85 (2d Cir. 1993).

IT IS FURTHER ORDERED, that the Clerk of the Court serve a copy

-11-

of this Report and Recommendation upon the parties by electronic mail.

Dated:    April 27, 2006
          Syracuse, NY

David E. Peebles
U.S. Magistrate Judge

G:\socialsecurity\chapman.wpd

-12-